UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER DESIVO,

Plaintiff

v. 3:05-cv-1432

UNITED STATES OF AMERICA,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

Plaintiff Christopher DeSivo commenced the instant action pursuant to 18 U.S.C. § 983(e) seeking the return of certain property seized by the Drug Enforcement Agency ("DEA"). The property consists of a Suzuki Quad Runner and a Chevrolet Blazer.

## I. FACTS

On February 23, 2003, law enforcement officials seized a 2002 Suzuki Quad Runner from Freeman Smith, Jr. in Barton, New York.[1] The matter was referred to the DEA, which accepted the Quad Runner for forfeiture. On April 24, 2003, the DEA sent written notice of the seizure by certified mail, return receipt requested, to Christopher DeSivo, 533 ½ Chemung Street, Waverly, NY 13892. On April 30, 2003, the DEA received the return receipt signed by "C. DeSivo." Also on April 24, 2003, the DEA sent written notice of the

---

[1] It appears that the vehicles were seized by the Tioga County Sheriff's Office. It is alleged that the Tioga County Sheriff's Office turned the criminal investigation over to the DEA. Although Plaintiff contends that the DEA possesses both the Blazer and the Quad Runner, the government contends that it has no record of having forfeited the Blazer.

seizure by certified mail, return receipt requested, to Christopher DeSivo, Prisoner ID NO INMATE NUMBER, Tioga County Jail, 103 Corporate Drive, Owego, NY 13827. On April 28, 2003, the DEA received a signed return receipt. The DEA also attempted to serve notice on Freeman Smith, which notices were returned as undeliverable. The seizure of the property also was published in the *Wall Street Journal*. The notice was published once each week for three successive weeks: May 12, 19, and 27, 2003. All of the notices explained the procedure for contesting the forfeiture, including the deadlines for submitting claims. On January 8, 2004, the DEA re-sent a notice to Freeman Smith via certified mail, return receipt requested. On January 12, 2004, the DEA received a signed return receipt.

On February 23, 2004, after not receiving any proper claims and after the time limit for filing claims expired, the DEA forfeited the vehicle to the United States pursuant to 19 U.S.C. § 1609.

## II. DISCUSSION

The relevant statutory language is found at 18 U.S.C. § 983(e). That section provides, in relevant part, that:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e).

Thus, Plaintiff must show both that the government did not take "reasonable steps" to provide notice and that he did not have "reason to know of the seizure with sufficient time to file a timely claim."

With respect to the Chevrolet Blazer, the government states that it has no record of having seized this property. Indeed, Petitioner's motion suggests that the Blazer was seized either by the Tioga County Sheriff's Office or the New York State Police. There is no indication in Plaintiff's motion or evidence in the record that the DEA seized the Blazer. Accordingly, the motion must be DENIED as to the Blazer.

Turning to the Suzuki Quad Runner, in his original motion and in his amended motion, Plaintiff states as follows:

> 16. This vehicle was impounded from Freeman Smith's driveway in Barton, N.Y. on Route 34. This vehicle belongs to the defendant. The defendant traded a 1987 Ford pickup truck for it in February of 2002 just a short time after his release from prison. My wife had let Mr. Smith use the four wheeler to go up and down to his home while I was in prison on a parole violation.
>
> 17. There has never been any mention as to this four wheeler as being drug proceeds.
>
> 18. All the above listed property has been held at the Tioga County Public safety building in Owego, New York.

Although Plaintiff states that "[t]here has never been any mention as to this four wheeler as being drug proceeds" he does not claim that he did not receive actual notice of the forfeiture proceedings, that the government did not take reasonable steps to apprise him of the forfeiture proceedings, that the government knew or had reason to know that the forms of notice used by it were not likely to reach Plaintiff, or that he did not have reason to know of the seizure with sufficient time to file a timely claim. To the contrary, the evidence in the record is that the government sent notice by certified mail to Plaintiff at both his known

residence and his place of incarceration. The record suggests that, as far as the government knew, both notices were delivered as evidenced by the completed return receipts.

Actual notice is not required. Jones v. Flowers, 126 S. Ct. 1708, 1713 (2006). All that is required is that the government took steps reasonably calculated to apprise Plaintiff of the forfeiture. Id at 1713-14. Absent reason to believe that notice is being sent to an improper address or that delivery could not be effectuated, certified mail is a recognized method of delivery reasonably calculated to provide sufficient notice. Id; see also Dusenbery v. United States, 534 U.S. 161, 170 (2002); Patterson v. United States, 2005 WL 2414765, at *4 (S.D.N.Y. Sept. 27, 2005) (sending notice by certified mail to a prisoner at his correctional facility satisfies due process). There is nothing in Plaintiff's Motion, Amended Motion, or the record before the Court suggesting that the government had any reason to believe that the notices were sent to an improper address, were not delivered, or otherwise were not reasonably calculated under the circumstances to apprise Plaintiff of the pendency of the forfeiture proceedings and to afford him an opportunity to present his claim. Accordingly, Plaintiff has failed to demonstrate that the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice.

To the extent Plaintiff argues that forfeiture was improper because "[t]here has never been any mention as to this four wheeler as being drug proceeds," that issue is not properly before the Court at this time. If Plaintiff filed a timely claim with the DEA he could have challenged the propriety of the forfeiture itself and required the government to demonstrate that the vehicle was properly subject to forfeiture. Boero v. Drug Enforcement Admin., 111 F.3d 301, 304-05 (2d Cir. 1997); Patterson, 2005 WL 2414765, at *3. Once

forfeiture has occurred, however, the sole remedy is that provided under 18 U.S.C. § 983(e) to challenge whether the DEA followed the proper procedural safeguards in forfeiting the property; that is, whether it provided adequate notice and an opportunity to be heard. Mesa Valderrama v. U.S., 417 F.3d 1189, 1196 (11th Cir. 2005) (and cases cited therein); Boero, 111 F.3d at 304-05.

Here, Plaintiff did not timely file a claim with the DEA. Accordingly, the time to challenge the substantive basis of the forfeiture has passed. As previously discussed, the DEA provided adequate notice and an opportunity to be heard and, thus, followed the proper procedural safeguards.

The Court is aware that Plaintiff has made several outstanding motions to compel discovery, which motions currently are pending. Plaintiff's subpoenas seek case files from various law enforcement agencies and a copy of a grand jury transcript. Plaintiff also seeks to serve interrogatories on a non-party witness. None of the discovery sought by Plaintiff pertains to the relevant issues in this case - whether he was afforded adequate notice and an opportunity to be heard. Accordingly, any outstanding discovery is not likely to alter the outcome of his motion for the return of property. The motions to compel are, therefore, DENIED.[2]

---

[2] Furthermore, the New York State Police (one of the agencies to whom Plaintiff sent a subpoena) has indicated that it provided its entire case file to Plaintiff, thereby complying with the subpoena. The Pennsylvania State Police similarly responded, noting that Plaintiff failed to properly serve the subpoena, Plaintiff already is in possession of all relevant documents as a results of the criminal proceedings against him, and the sought out documents are irrelevant to the pending motion. The Court agrees that these are valid bases for denying Plaintiff's motions to compel.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motions to compel (Dkt. Nos. 4, 5, 6, 8, and 9) and letter request (Dkt. No. 10) are DENIED. Plaintiff's motion to file an amended motion for the return of property (Dkt. No. 28) is GRANTED. Upon consideration of Plaintiff's original motion and amended motion for the return of property (Dkt. Nos. 1 and 28), the motion is DENIED for the reasons set forth above. The Clerk of the Court shall close the file in this matter and terminate any outstanding motions.

IT IS SO ORDERED.

Dated:September 12,2006

Thomas J. McAvoy
Senior, U.S. District Judge