UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER DESIVO,

                Plaintiff

      v.                                       3:05-cv-1432

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **SUPPLEMENTAL DECISION and ORDER**

By Decision & Order dated September 12, 2006, this Court dismissed Plaintiff's motion for the return of property. At that time, the Court did not have the benefit of Plaintiff's response to the government's opposition to his motion for the return of property. These papers were received by the Court on September 12, 2006, but after the Court had already docketed the prior Decision and Order. The Court has decided to accept Plaintiff's papers and now issues this Supplemental Decision and Order. This Decision and Order is not intended to supplant the prior Decision and Order, but to supplement it by addressing the issues raised in Plaintiff's responsive papers.

Having reviewed Plaintiff's response papers, the Court finds that Plaintiff's motion must be denied. Plaintiff contends that: (1) he was not in the Tioga County Jail, but the Broome County Jail; (2) the signature on the return receipt is not his, that he no longer resided at 533 ½ East Chemung St., and that the heat, water and services had been turned

off at that location;[1] and (3) the government failed to respond to Plaintiff's attempt to secure the return of his possessions contained inside the Blazer.

With respect to Plaintiff's first two points, as discussed in the prior Decision and Order, actual notice was not required. Plaintiff fails to point to any evidence suggesting that the government had reason to believe that the methods of notice employed by it were not likely to be successful. None of the notices sent by the government were returned and there is no other evidence suggesting that the government had reason to believe that Plaintiff no longer resided at 533 ½ East Chemung Street or in the Tioga County Jail.

With respect to the third point, there is no evidence in the record that the federal government came into possession of the Blazer or its contents. The record evidence suggests that the Blazer was stopped by the Tioga County Sheriff's Office and that it was that law enforcement agency that seized the Blazer and its contents. There is nothing suggesting that the DEA ever came into possession of the Blazer or any of its contents.

For the reasons set forth herein and in the Court's earlier Decision & Order, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: September 25, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] This assertion is curious in light of the fact that someone at that address signed the return receipt.